In re EASTON TIRE COMPANY OF KIRKWOOD, Debtor.

DUNLOP TIRE & RUBBER CORPORATION, Plaintiff and Counter-Defendant,

v.

EASTON TIRE COMPANY OF KIRKWOOD, Defendant and Counter-Claimant.

Bankruptcy No. 82–01254(3).

Complaint No. 83–0407(3).

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 7, 1983.

Edward J. Karfeld, St. Louis, Mo., for plaintiff and counter-defendant.

Lloyd A. Palans, Clayton, Mo., for Landmark Bank of St. Charles.

Barry S. Schermer, Clayton, Mo., for creditors' committee.

Peter D. Kerth, St. Louis, Mo., for debtor.

Michael A. Fisher, St. Louis, Mo., for Gen. Tire & Rubber Co.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The hearing upon the plaintiff's complaint for relief from the automatic stay was called on October 24, 1983; the parties presented arguments upon a proposed "Consent Agreement and Operating Order" which had been filed on October 6, 1983; and the Court having considered the objections of the Creditors' Committee and the objections of Landmark Bank of St. Charles, the following findings and conclusions were entered from the bench:

The specific objections raised by the Creditors' Committee and the Landmark Bank of St. Charles concern the extent of the priority which is recognized at 11 U.S.C. § 507(b). Landmark Bank of St. Charles has argued that a consent agreement between it and the debtor granted priority status to that portion of its claim for adequate protection which is not paid pursuant to other terms in the agreement. It contends that this priority status is exclusive. The bank suggests that if other creditors are granted a similar status, the value of the protection it received will be diluted. The Creditors' Committee has objected generally to the creation of any additional priority claims which may reduce the amount of money which may be available to general creditors.

Any attempt to ascribe priorities in the abstract is difficult at best. In the present circumstances, the parties are not contending that a specific amount of money is to be paid ahead of other amounts of money from a specific fund. The question of a super-priority will arise only if monies are not paid according to other agreements between the parties. Furthermore, it may not be factually possible for any creditor to insure its position as a first and only priority claimant prior to the conclusion of the administration of a Chapter 11 reorganization proceeding.

However, the Court's review of the Congressional scheme in the Bankruptcy Code, and the facts presented in this case, leave no doubt that co-extensive super-priorities may be created here. Traditional bankruptcy law recognizes that priorities may be required to share distributions with other priorities. It follows then that super-priorities may be required to accept pro-rata distributions with other super-priorities.

The facts in this case compel the Court to recognize the need for nonexclusive super-priorities, when nonrecognition would frustrate the Congressional scheme of a Chapter 11 proceeding, and may destroy this debtor's ability to reorganize. The debtor has stated that its business involves the wholesale and retail sale of motor vehicle tires. Its inventory is obtained from several different manufacturers and suppliers. The loss of any one of these suppliers would adversely affect the debtor's reorganizing efforts. Therefore, any attempt to grant one of these suppliers an exclusive priority may result in the loss of future shipments by other suppliers.

The Court finds further that recognition of multiple super-priorities, to the extent that it permits the debtor to operate its business, is in the best interests of the general creditors. Therefore,

IT IS ORDERED that the objections of the Creditors' Committee and the Landmark Bank of St. Charles are denied; and

That the Consent Agreement filed on October 6, 1983, and modified on October 24, 1983, be and hereby is approved; and

That the trial of the counterclaim in this matter will begin on November 28, 1983, at 10:00 a.m.